UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CASHMERE ANTOINE SIMMONS #790662, Plaintiff, | ) | |
| v. | ) | No. 1:26-cv-1782 |
| | ) | Honorable Paul L. Maloney |
| SINAI-GRACE HOSPITAL, *ET AL.*, Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter comes before the Court on Magistrate Judge Berens's Report and Recommendation (R&R), (ECF No. 7), in which she recommended that Plaintiff's complaint be dismissed for failure to state a claim. Plaintiff, proceeding *in forma pauperis* in this case, filed a document the Court construes as an objection to the R&R. (ECF No. 8). In the R&R, the Magistrate Judge construed Plaintiff's complaint as attempting to state a constitutional claim against Defendants and concluded that Plaintiff had failed to plead sufficient facts to establish that Defendants, as private entities, had taken state action. The Magistrate Judge also concluded that Plaintiffs' claims, as pled, are barred by the statute of limitations. Plaintiff argues that prison officials mishandled his mail, but he confirms receipt of the R&R and does not request an extension of time to file additional objections or indicate he intends to file more. The Court will thus adopt the R&R.

**I.**

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and

recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Pharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

When plaintiffs proceed in forma pauperis, courts must dismiss the case if the plaintiff fails to state a claim on which relief may be granted. U.S.C. § 1915(e)(2). To state a claim, "a complaint must contain sufficient factual matter, accepted as true" to plausibly suggest that the plaintiff is entitled to the relief requested. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts "merely consistent with" the defendant's liability suggest only possibility, not plausibility, and thus fail this test. *Id.* In assessing whether the complaint contains sufficient factual matter, courts need only accept factual allegations as true and not legal conclusions or unwarranted inferences. *Kottmayer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

## II.

Plaintiff alleges that he received deficient medical care and advice in 2013. Plaintiff did not object to either of the Magistrate Judge's conclusions related to state action or the statute of limitations. In his objection, Plaintiff represents that he received the R&R, but that he received it "without being called to go into intake to be able to see envelope [sic] being opened and sign for documents." (ECF No. 8 at PageID.37). He then asserts that prison officials "intentionally delayed my legal mail" and "denied me access" to the federal courts. (*Id.* at PageID.37-38). The prison officials are not parties to this case, and objections to an R&R would not be a proper way to amend or supplement a complaint and add additional claims anyway. *See Drane v. Catholic Charities W. Mich.*, No. 1:25-cv-1478, 2026 WL 759071, at *2 (W.D. Mich. Mar. 18, 2026). Plaintiff does not request additional time to file objections, nor does he indicate he would have filed any absent the alleged intervention by the prison officials. Because Plaintiff has no specific objections to the conclusions in the R&R, the Court will adopt the R&R.

## III.

Plaintiff failed to reveal error on the Magistrate Judge's part, so the R&R (ECF No. 7) is **ADOPTED**. Plaintiff's complaint (ECF No. 1) is **DISMISSED**.

**IT IS SO ORDERED.**

Date: August 21, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge